JODY MICHAEL WAGNER,                    Case No. 16-cv-106-pp

    Petitioner,

v.

TIMOTHY DOUMA,

    Respondent.

**DECISION AND ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1)
AND ORDERING PETITIONER TO SHOW CAUSE
WHY THE PETITION SHOULD NOT BE DISMISSED**

    Jody Michael Wagner, who is representing himself, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. This case is now before the court for screening of the petition under Rule 4 of the Rules Governing §2254 Cases.

**I.    BACKGROUND**

    On November 18, 2010, the petitioner was convicted of two crimes after a jury trial: (1) aggravated battery, and (2) first degree reckless injury in the Circuit Court of Waukesha County, Wisconsin. Dkt. No. 1, at 2; State v. Wagner, 2010CF000554, available at https://wcca.wicourts.gov. He was represented by counsel during the trial, and his trial counsel filed a no-merit report after the petitioner filed a notice of appeal. Dkt. No. 1-1 at 1. The petitioner filed a response to the no-merit report, in which he asserted that the circuit court lacked subject matter jurisdiction, the state failed to meet its

1

burden of proof on the reckless injury charge, the state failed to disclose certain evidence to the defense, and that several incidents that occurred during the trial deprived him of a fair trial. The Wisconsin Court of Appeals concluded that the petitioner's claims lacked any arguable basis and affirmed his conviction. Dkt. No. 1-1, at 1-6. The Wisconsin Supreme Court denied the petitioner's petition for review. Id. at 7.

The petitioner then filed in the circuit court a motion for post-conviction relief under Wis. Stat. §974.06, raising nine grounds for relief. Id. at 8-9. He included in those grounds several issues that he had raised on direct appeal: insufficiency of the evidence, ineffective assistance of counsel, prosecutorial misconduct, *Brady* and *Miranda* violations, improper outside influences on the jury, and challenges to the trial court's subject matter jurisdiction and the sentence imposed by that court. The circuit court denied the petitioner's post-conviction motion in its entirety. Id. at 8-17. The petitioner appealed the circuit court's decision to the Wisconsin Court of Appeals, which summarily affirmed the trial court's order denying relief under §974.06. Id. at 18-23. The Wisconsin Supreme Court denied the petitioner's petition for review. Id. at 24.

The petitioner subsequently filed this federal petition. The petition sets forth six grounds for *habeas* relief, all of which the petitioner raised either on direct appeal, in his Wis. Stat. §974.06 motion, or both: (1) that his conviction on the reckless injury charge violates his due process rights Fourteen Amendment because the evidence was insufficient to show he acted with utter disregard for human life; (2) that he was denied his Sixth Amendment right to

effective assistance of counsel because his trial counsel failed to retain a medical expert to testify at trial; (3) that he was denied his Sixth Amendment right to effective assistance of counsel because his post-conviction counsel failed to discover that an informant allegedly was compensated for his testimony; (4) that the circuit court lacked jurisdiction because the statute of limitations purportedly had expired; (5) that the jurors were improperly influenced in violation of his due process rights; and (6) that his right to a speedy trial was violated because the state unreasonably delayed his trial. Dkt. No. 1 at 9-16. The petitioner contends that the court should grant his petition, order an evidentiary hearing, vacate his conviction and sentence, and order a new trial. Id. at 23.

## II. SCREENING OF THE PETITION

The court will now proceed to review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted. The petitioner's claims of ineffective assistance of trial and post-conviction counsel, due process violations, and subject matter

3

jurisdiction generally are cognizable on *habeas* review, so the court will proceed to evaluate whether those claims were exhausted in the state court process or have been procedurally defaulted.

In order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner exhausted his state remedies on this claim. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's habeas argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1733 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18, 92 S. Ct. 1048, 1055 n. 16 (1972). From the face of the petition and the attachments to the petition, it appears that the petitioner has satisfied this requirement; he appears to have presented his claims to each level of the

4

Wisconsin state courts (some of them he presented twice), and was denied relief.

Finally, the court considers whether the petitioner has procedurally defaulted any of his claims. Even if a petitioner has exhausted review of a constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038, 1043 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327, 105 S. Ct. 2633, 2638 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013).

"When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court." Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S. Ct. 2590, 2593 (1991). In other words, a federal habeas court cannot review a petitioner's claims when the state court has declined to review them on the merits "pursuant to an independent and adequate state procedural rule," unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that the

5

failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546 (1991).

When considering whether a state court decision rests on a state procedural default, federal courts must look to "the last *explained* state court judgment." Ylst, 501 U.S. at 805, 111 S. Ct. at 2595. "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent" of the court's decision on the merits of the claims. Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst, at 801, 111. S. Ct. 2593. However, "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. The question is whether the state court's procedural ruling is primary. If it is, then then the procedural ruling is independent and results in procedural default. Id.

The Wisconsin Court of Appeals' decision summarily affirming the circuit court's denial of the petitioner's post-conviction motion (which is the last reasoned state court opinion relating to the petitioner's claims) shows that all of his claims are procedurally defaulted. In that decision, the Court of Appeals explained that Wisconsin law provides that "[s]uccessive motions and appeals are procedurally barred unless the defendant can show a sufficient reason why the newly alleged errors were not previously raised." Dkt. No. 1-1 at 20. That

6

court further explained that "the bar to serial litigation may also be applied when the direct appeal was conducted pursuant to the no-merit procedures of Wis. Stat. Rule 809.32." Id. at 21.

The Wisconsin Court of Appeals recounted that, during the no-merit appeal process, it already had held that:

> there was no merit to a sufficiency of the evidence or witness credibility charge; the circuit court had subject matter jurisdiction; the defense received all discovery materials and was allowed to cross-examine regarding the envelope containing them; no sequestration violation occurred; nothing improper contributed to the jury's verdict; and there was no arguable basis for challenging the sentence imposed.

Dkt. No. 1-1 at 19-20. That court determined that the petitioner did not demonstrate "that his no-merit appeal was procedurally inadequate, and our resolution of the no-merit proceeding carries a sufficient degree of confidence warranting application of the procedural bar." Id. at 21. The court expressly applied a procedural bar to prevent re-litigation of claims that the petitioner had raised in his no-merit appeal. Id. at 20-21 (citing State v. Escalona-Naranjo, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), State v. Tillman, 2005 WI App 71, ¶¶19-20, 281 Wis. 2d 157, 696 N.W.2d 574, and State v. Allen, 2010 WI 89, ¶¶35-41, 328 Wis. 2d 1, 786 N.W.2d 124).

The court concluded that the claims that the petitioner raised for the first time in his §974.06 motion, including his claims of ineffective assistance of trial and post-conviction counsel, also were procedurally barred. That court explained that the petitioner did "not provide a sufficient reason for raising [his new claims] on direct appeal." Id. at 21. Rejecting the petitioner's argument

7

"that the ineffectiveness of his post-conviction counsel constitutes a sufficient reason for failing to raise his claims earlier," that court decided that "his conclusory allegations are insufficient to establish the ineffectiveness of his trial counsel," and, consequently, his "derivative challenge to the effectiveness of his post-conviction counsel fails."[1] Id. at 21-22.

The petitioner's *habeas* claims are identical to the claims that the Wisconsin Court of Appeals expressly concluded were procedurally barred under Escalona, Tillman, and Allen. The Wisconsin Court of Appeals was the last court to issue a reasoned decision as to the petitioner's claims, and its opinion "clearly and expressly" stated that its judgment was based on a state procedural bar. Harris, 489 U.S. at 263, 109 S. Ct. at 1043. Accordingly, this court concludes that all of the petitioner's claims were procedurally defaulted in the state court process.

Federal courts can review a procedurally defaulted claim raised in a *habeas* petition only if the petitioner is able to demonstrate "cause and prejudice" for his default or show that the court's failure to examine a claim will result in a fundamental miscarriage of justice. Id. (citing Coleman, 501

---

[1] Before a Wisconsin court will grant an evidentiary hearing to a defendant on a §974.06 motion, the defendant must allege "sufficient material facts- *e.g.,* who, what, where, when, why, and how-that, if true, would entitle him to the relief he seeks." Allen, 274 Wis. 2d at 573, 682 N.W.2d at 436. If the defendant does not give the trial court that information, the court can deny the motion without a hearing, which the circuit court did in this case. The state trial court's denial of the petitioner's §974.06 motion on that ground is independent of the merits of the defendant's ineffective assistance claim. And, because that rule is well-established and consistently followed in Wisconsin, it can result in a procedural bar—default—of the underlying ineffective assistance claim.

8

Case 2:16-cv-00106-PP   Filed 06/10/16   Page 8 of 11   Document 5

U.S. at 750). To establish cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." Id. (citing Murray v. Carrier, 477 U.S. 478, 495–96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Lewis v Stearns, 390 F.3d 1019, 1026 (7th Cir. 2004) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." Lewis, 390 F.3d at 1026 (citing Schlup v. Delo, 513 U.S. 298, 327–29 (1995)).

Here, neither the petition nor the Wisconsin Court of Appeals' decision indicate that any external impediment prevented the petitioner from explaining his ineffective assistance claim in more detail in his §974.06 motion. Similarly, his petition does not suggest that a fundamental miscarriage of justice will result if the court does not consider these claims.

Procedural default, however, is an affirmative defense for the respondent to raise; there is no requirement that a petitioner show cause and prejudice or actual innocence in his petition. A court may raise an affirmative defense before requiring the respondent to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." See, e.g., Gleash v. Yuswak, 308 F.3d 758, 760–61 (7th Cir. 2002)

9

("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss.").

The court now has raised the procedural default defense in this case. It will give petitioner an opportunity to overcome that default by showing: (1) whether there is any cause to explain his failure to properly present his defaulted claims to the Wisconsin state courts, as well as (2) what prejudice he will suffer as the result of his failure to raise these claims properly; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charge to which he pled guilty. If petitioner fails to overcome his procedural default, the court will dismiss the petition.

## II. CONCLUSION

For the reasons explained above, the court **ORDERS** the petitioner to file a document showing cause why his petition should not be dismissed as barred by the doctrine of procedural default. The petitioner must file that document on or before **JULY 29, 2016**. If the petitioner cannot establish cause and prejudice, or if he does not file the document by the deadline of July 29, 2016, the court will dismiss the petition.

Dated in Milwaukee, Wisconsin this 10th day of June, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge