UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JODY WAGNER,

        Petitioner,

v.

        Case No. 16-cv-106-pp

JENNIFER MCDERMOTT,[1]

        Respondent.

**ORDER REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

On January 28, 2016, the petitioner, an inmate at Kettle Moraine Correctional Institution who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2011 conviction in Waukesha County Circuit Court for aggravated battery and first-degree reckless injury. Dkt. No. 1. He has paid the filing fee.

On June 10, 2016, the court issued a screening order requiring the petitioner to show cause why the court should not dismiss the petition due to procedural default. Dkt. No. 5. The petitioner responded on September 29, 2016. Dkt. No. 9. This order screens the petition under Rule 4 of the Rules Governing §2254 Cases and directs the respondent to answer or otherwise respond.

---

[1] The petitioner is incarcerated at Kettle Moraine Correctional Institution. https://appsdoc.wi.gov/lop/home.do. The last warden of that institution was Jennifer McDermott. As of October 16, 2020, however, the DOC web page shows that the warden position at Kettle Moraine is vacant. The court leaves McDermott as the respondent placeholder until her successor is identified.

## I. Background

### A. Underlying Case

The Wisconsin Court of Appeals recounted the relevant background facts in its decision affirming the petitioner's conviction:

> Melissa Holcomb, [the petitioner's] former girlfriend, testified that [the petitioner] found her kissing another man, pulled her to the floor and repeatedly punched and kicked her resulting in a broken arm, a broken finger and a perforated intestine. Those allegations constitute the basis for the aggravated battery charge. [The petitioner] then picked her up and carried her to bed where he left her without medical care for two days until Holcomb's mother interceded and [the petitioner] took Holcomb to the hospital. By that time, Holcomb was within hours of death due to sepsis. Leaving Holcomb in a condition where she was unable to care for herself and where lack of care could result in her death from sepsis constitutes the basis for the reckless injury charge.
>
> Defense witnesses contend Holcomb's injuries resulted from her failing down the stairs. They note that she told medical providers that she fell down the stairs and only changed her story after she found out [the petitioner] was having an affair. However, three doctors testified that Holcomb's internal injuries were not consistent with falling down the stairs.

Dkt. No. 1-1 at 2. In November 2010, a Waukesha County jury found the petitioner guilty of both charges. Dkt. No. 1 at 2; see also State v. Wagner, Waukesha County Case No. 10CF000554 (available at https://wcca.wicourts.gov).

### B. Direct Appeal

The petitioner filed a notice of appeal in December of 2011. See State v. Wagner, Waukesha County Case No. 10CF000554 (available at https://wcca.wicourts.gov). Finding "no arguable basis for [the petitioner] to challenge the sufficiency of the evidence or the sentences imposed," the

2

petitioner's trial counsel filed a no-merit brief. Dkt. No. 1-1 at 1. The petitioner responded. Id. According to the Wisconsin Court of Appeals, the petitioner argued that

> (1) the State failed to meet its burden of proof on the reckless injury charge because it failed to prove utter disregard for life and because the victim was not credible; (2) the court lacked subject matter jurisdiction; (3) the State failed to complete discovery by serving the defense with a copy of an envelope; and (4) [the petitioner] was denied a fair trial due to several incidents that occurred during the trial.

Dkt. No. 1-1 at 1-2. The Wisconsin Court of Appeals summarily affirmed the petitioner's convictions on July 3, 2012. Id. at 6. The court found that (1) the jury's credibility determinations and factual conclusions were sufficient to sustain the verdicts, id. at 2-3; (2) none of the statutes that the petitioner cited deprived the court of subject matter jurisdiction, id. at 3; (3) there was "no potential prejudice" from "any failure to provide [an] envelope [with a note indicating that doctors and nurses were suspicious of the petitioner] in discovery," id. at 4; and (4) "nothing in the record" supported any of the petitioner's speculations about various alleged errors during his trial, id. at 4-5. Noting that the trial court considered the relevant sentencing factors and imposed sentences less than the statutory maximums, the Wisconsin Court of Appeals found no arguable basis for challenging the sentences. Id. at 5.

About a month later, the court denied the petitioner's motion for reconsideration. Id. at 9. The Wisconsin Supreme Court denied review on November 14, 2012. Id. at 7.

3

C. State postconviction proceedings

In October 2013, the petitioner filed a motion for postconviction relief under Wis. Stat. §974.06 in the Waukesha County Circuit Court; four months later the court denied the motion. Id. at 9, 17. The court recounted that the motion had sought a Machner hearing[2] based on ten issues: (1) trial and postconviction counsel's failures to object and raise issues resulting in "the functional equivalent of a guilty plea," id. at 9; (2) ineffective assistance of trial counsel for failure to discuss discovery and legal issues with the petitioner," id. at 10; (3) a Brady violation for the State's failure to "disclose certain testimony contained in a white envelope," presentation of allegedly perjured testimony, and "outrageous conduct," id.; (4) a violation of the petitioner's right to a speedy trial under state and federal law, id.; (5) a violation of the petitioner's Miranda rights, id.; (6) insufficient evidence regarding the aggravated battery count, id.; (7) "[t]he jury was prejudiced by outside influences," id.; (8) the circuit court lacked subject matter jurisdiction, id.; (9) the petitioner "was given multiple sentences for a single act," id.; and (10) the conviction "was unfair, unjust in nature, and invalid," id.

The court noted that the petitioner already had litigated issues (3), (6), (7), (8) and (9) multiple times through his response to the no-merit report and in his motion to reconsider. Id. at 12. Finding that "[the petitioner's] discussion

---

[2] "A *Machner* hearing is an evidentiary hearing which may be held when a criminal defendant's trial counsel is challenged for allegedly providing ineffective assistance." Williams v. Grams, No. 06-C-215, 2006 WL 581202, *1 (E.D. Wis. Mar. 8, 2006) (citing State v. Machner, 92 Wis. 2d 797 (Ct. App. 1979)).

4

of these issues in the [§974.06] motion [was] conclusionary and [did] not provide a basis for [the] court to find that new circumstances [were] raised convincing the court to not apply the bar," the court dismissed those claims from the petitioner's motion. Id. at 11-12 (citing State v. Tillman, 281 Wis. 2d 157, 171-72 (Ct. App. 2005) ("Claims or issues, decided in the no merit process may not again be raised in a section 974.06 motion, unless a basis for doing so is set forth.")). Because the petitioner did not show how the alleged failures harmed him, the court denied the petitioner's claims that his trial counsel was ineffective. Id. at 13-15. The court rejected the petitioner's speedy trial claim, finding that the record contradicted it. Id. at 15. As for the Miranda claim, the court determined that the petitioner "was not arrested at the time law enforcement spoke with him, nor was he in custody or an equivalent of custody to trigger the necessity of a Miranda warning. He was free to leave at any time." Id. at 16. The court deemed the petitioner's statements to law enforcement "completely voluntary." Id.

The petitioner appealed, and the Wisconsin Court of Appeals summarily affirmed the trial court in July 2015. Id. at 18. The court concluded that the petitioner's claims were procedurally barred by Wis. Stat. §974.06(4) and State v. Escalona-Naranjo, 185 Wis. 2d 168 (1994). Id. at 20-21 (citing also Tillman, 281 Wis. 2d at 167-69; State v. Allen, 328 Wis. 2d 1, 17-20 (2010)). Reasoning that the petitioner had not shown his no-merit appeal to be procedurally inadequate, the court determined that any claims already addressed during his

no-merit appeal could not be relitigated through his §974.06 motion. Id. at 21 (citing State v. Witkowski, 163 Wis. 2d 985, 990 (Ct. App. 1991)).

"With respect to any claims not raised in the context of [the petitioner's] no-merit appeal," the court concluded that the petitioner did not "provide a sufficient reason for failing to raise them on direct appeal." Id. Noting the petitioner's contention that "the ineffectiveness of his postconviction counsel constitute[d] a sufficient reason for failing to raise his claims earlier," the court found that contention "conclusory" and legally insufficient to overcome Escalona's procedural bar. Id. at 21-22 (citing Allen, 328 Wis. 2d at 31-32). The court reasoned that for the petitioner to argue that "postconviction counsel was ineffective by failing to assert trial counsel's ineffectiveness, he must first establish that trial counsel was ineffective." Id. at 22 (citing State v. Ziebart, 268 Wis. 2d 468, 480 (2003)). The petitioner's allegations that his trial counsel was ineffective, according to the Wisconsin Court of Appeals, were conclusory and insufficient. Id. The court also ruled that the circuit court properly denied the motion without a hearing. Id. at 22-23.

On November 4, 2015, the Wisconsin Supreme Court denied review. Id. at 24.

### D. Federal *Habeas* Petition and Order to Show Cause

The petitioner filed his federal *habeas* petition on January 28, 2016. Dkt. No. 1. On June 10, 2016, this court began to screen the petition under Rule 4 of the Rules Governing §2254 Cases. Dkt. No. 5 at 1. The court discussed the findings of the Wisconsin Court of Appeals in its decision summarily affirming

6

the circuit court's denial of the petitioner's postconviction motion. Id. at 6-9. The court expressed concern that the petitioner may have procedurally defaulted his claims in the state courts, and asked the petitioner to address cause for and prejudice that might ensue from any defaults, and whether a miscarriage of justice would result if this court declined to review his claims. Id. at 6-8, 10.

On September 29, 2016, the petitioner filed a document titled "DISTRICT COURT JUNE 10, 2016 ORDERED (SHOWING) OF CAUSE WHY §2254 PETITION SHOULD NOT BE DISMISSED AS BARRED BY THE 'DOCTRINE OF PROCEDURAL DEFAULT.'" Dkt. No. 10. This document appears to be the petitioner's response to the court's June 10, 2016 order; it addresses procedural default.

Regretfully, the court's heavy caseload has prevented it from fully addressing the petitioner's arguments until now. The court now screens the petition.

### III. Rule 4 Screening

 A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage,

7

the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition lists six grounds for *habeas* relief, all of which the petitioner raised either on direct appeal or in his Wis. Stat. §974.06 motion, or both: (1) a violation of his due process rights under the Fourteenth Amendment stemming from an insufficiency of the evidence; (2) a violation of his Sixth Amendment right to the effective assistance of counsel due to his trial counsel's failure to retain a medical expert to testify at trial; (3) a violation of his Sixth Amendment right to the effective assistance of counsel due to his postconviction counsel's

8

failure to discover that an informant allegedly was compensated for testimony; (4) the circuit court lacked subject matter jurisdiction because the statute of limitations had expired; (5) a due process violation due to improper influence on the jury; and (6) a violation of his speedy trial and due process rights due to the State's unreasonable delay in bringing the petitioner to trial. Dkt. No. 1 at 9-16.

The court will not allow the petitioner to proceed on his claim that the circuit court lacked subject matter jurisdiction over him. The petitioner cannot bring such a challenge in a §2254 petition; an issue of state law involving an interpretation of a state statute is not cognizable in a federal *habeas* case. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Jenkins v. Smith, No. 18 C 6696, 2018 WL 10613269, at *1 (N.D. Ill Oct. 22, 2018) ("A claim that a state court lacked jurisdiction to adjudicate a criminal proceeding raises a question of state law that cannot be raised in a habeas corpus proceeding.") To determine whether the Waukesha County Circuit Court acted without jurisdiction, this federal court would need to interpret Wisconsin law. The court cannot do so in a *habeas* petition. Estelle, 502 U.S. at 67-68 (federal *habeas* review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States).

The balance of the petitioner's claims are generally cognizable on federal *habeas* review. See, *e.g.*, Jackson v. Virginia, 443 U.S. 307. 320 (1979) (demonstrating standard for a sufficiency of the evidence claim brought under §2254); Harrington v. Richter, 562 U.S. 86 (2011) (considering merits of *habeas*

9

petitioner's claim of ineffective assistance of counsel due to counsel's failure to present expert testimony); Mulero v. Thompson, 668 F.3d 529, 538–39 (7th Cir. 2012) (considering merits of *habeas* petitioner's claim of ineffective assistance of counsel due to counsel's failure to discover impeachment evidence regarding prosecution witness); Jordan v. Hepp, 831 F.3d 837, 847 (7th Cir. 2016) ("Due process requires that the accused receive a trial by an impartial jury free from outside influences.") (quoting Neb. Press Ass'n v. Stuart, 427 U.S. 539, 553 (1976)); Ashburn v. Korte, 761 F.3d 741, 752 (7th Cir. 2014) (considering a *habeas* claim based on a violation of the right to a speedy trial under the Sixth Amendment). The petitioner also appears to have presented his claims to the Wisconsin Court of Appeals during his direct appeal, sought review from the Wisconsin Supreme Court and pursued a state postconviction motion. Dkt. No. 1-1 at 1, 9-10.

In its June 10, 2016 order, the court expressed concern that the petitioner may have procedurally defaulted his claims. The petitioner has responded to this concern, but the court notes that it has not yet required the respondent to answer or otherwise respond. "In the habeas context, the application of the independent and adequate state ground doctrine, of which procedural default is an instance, is not jurisdictional." Kaczmarek v. Rednour, 627 F.3d 586, 591 (7th Cir. 2010) (citing Trest v. Cain, 522 U.S. 87, 89 (1997)). "Procedural default is considered an affirmative defense that the State must raise and preserve to avoid waiver." Id. at 591-92 (citing Trest, 522 U.S. at 89; Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004)). "Generally, a party

10

must plead affirmative defenses, such as procedural default, in its answer to properly preserve them." Id. at 592 (citing Fed. R. Civ. P. 8(c); Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002)). The fact that the court is allowing the petitioner to proceed on his claims at the screening stage does not foreclose the respondent from raising procedural default or other affirmative defenses later in the litigation.

Because the petitioner has asserted colorable constitutional claims under the Sixth and Fourteenth Amendments and the respondent has not had an opportunity to address the petition, the court will order the respondent to answer or otherwise respond.

### IV. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his habeas petition, except the ground alleging lack of subject matter jurisdiction.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date

12

of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 19th day of October, 2020.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**